1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   HOLLY GAUDREAU (Bar # 209114)
3  Two Embarcadero Center, 8th Floor
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  Email: gsgilchrist@townsend.com, glcincone@townsend.com

6  Attorneys for Plaintiff
   LEVI STRAUSS & CO.
7

8
                    UNITED STATES DISTRICT COURT
9
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
   LEVI STRAUSS & CO.,                    Case No. C 07-4268 JW
12
                Plaintiff,
13                                        **STIPULATION TO FINAL
        v.                                JUDGMENT AND PERMANENT
14                                        INJUNCTION**
   LIPS JEANS,
15
                Defendant.
16

17

18      Plaintiff Levi Strauss & Co. and Defendant Lips Jeans hereby stipulate to the facts and

19  conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its

20  entry by the court.

21
    IT IS SO STIPULATED AND CONSENTED.
22

23  DATED: February 21, 2008          TOWNSEND AND TOWNSEND AND CREW LLP

24                                    By:  /s/ Gia L. Cincone
                                           Gia L. Cincone
25                                    Attorneys for Plaintiff Levi Strauss & Co.

26
    DATED: February 12, 2008          LIPS JEANS
27
                                      By:  _____
28                                         Loren Cronk

STIPULATION                           - 1 -                    Levi Strauss & Co. v. Lips Jeans
                                                               Case No. 07-4268 JW

1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   HOLLY GAUDREAU (Bar # 209114)
3  Two Embarcadero Center, 8th Floor
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  Email: gsgilchrist@townsend.com, glcincone@townsend.com

6  Attorneys for Plaintiff
   LEVI STRAUSS & CO.
7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11
   LEVI STRAUSS & CO.,                        Case No. C 07-4268 JW
12
                   Plaintiff,
13                                             **STIPULATION TO FINAL
            v.                                 JUDGMENT AND PERMANENT
14                                             INJUNCTION**
   LIPS JEANS,
15
                   Defendant.
16

17

18      Plaintiff Levi Strauss & Co. and Defendant Lips Jeans hereby stipulate to the facts and

19  conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its

20  entry by the court.

21
    IT IS SO STIPULATED AND CONSENTED.
22

23  DATED: February 12, 2008        TOWNSEND AND TOWNSEND AND CREW LLP

24                                  By: _____
                                          Gia L. Cincone
25                                  Attorneys for Plaintiff Levi Strauss & Co.

26
    DATED: February 12, 2008        LIPS JEANS
27
                                    By: _____
28                                        Loren Cronk

STIPULATION                         - 1 -                    Levi Strauss & Co. v. Lips Jeans
                                                             Case No. 07-4268 JW

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> v. <br><br> LIPS JEANS, <br><br> Defendant. | Case No. C 07-4268 JW <br><br> **FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION** |

Plaintiff Levi Strauss & Co. ("LS&CO.") has filed a Complaint alleging trademark infringement, dilution, and unfair competition under federal and California law against defendant Lips Jeans ("Lips"). LS&CO. alleges that Lips has manufactured, promoted, and sold clothing, including denim jeans, that violates LS&CO.'s rights in its registered Tab Device Trademark (the "Tab trademark").

The Court now enters final judgment based upon the following undisputed facts. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

I. STIPULATED FACTS AND CONCLUSIONS

A. This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Lips. Venue is proper in this Court.

1  B.  LS&CO. owns the Tab trademark, which is a valid and famous trademark of LS&CO.
2 and which is registered as follows for use on a variety of casual apparel:
3  a.  Registration No. 356,701 (first used as early as September 1, 1936; registered
4 May 10, 1938);
5  b.  Registration No. 516,561 (first used as early as September 1, 1936; registered
6 October 18, 1949);
7  c.  Registration No. 577,490 (first used as early as September 1, 1936; registered
8 July 21, 1953);
9  d.  Registration No. 774,625 (first used as early as May 22, 1963; registered
10 August 4, 1964);
11  e.  Registration No. 775,412 (first used as early as October 9, 1957; registered
12 August 18, 1964); and
13  f.  Registration No. 1,157,769 (first used as early as September 1, 1936; registered
14 June 16, 1961).
15  C.  Lips has manufactured, distributed, and sold jeans that display the pocket tab illustrated
16 in Exhibit A (the "Lips tab").

## II. ORDER

18  It is hereby ordered and adjudged as follows:
19  1.  Commencing as of the "So Ordered" date of this Final Judgment and Permanent
20 Injunction, Lips, its principals, agents, employees, officers, directors, servants, successors, and
21 assigns, and all persons acting in concert or participating with it or under its control who receive actual
22 notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from
23 doing, authorizing or procuring any persons to do any of the following:
24  a.  Manufacturing, licensing, selling, offering for sale, distributing, importing,
25 exporting, advertising, promoting, or displaying any products that display any tab in the form and
26 location illustrated in Exhibit A, or any other tab that is substantially similar to the Lips tab or to the
27 Tab trademark;
28  b.  Manufacturing, licensing, selling, offering for sale, distributing, importing,

1 | exporting, advertising, promoting, or displaying any products that display any tab that may reasonably
2 | be believed to be as similar or more similar to the Tab trademark than the Lips tab;
3 |           c.     Violating the rights of Levi Strauss & Co. in and to its Tab trademark; and
4 |           d.     Assisting, aiding or abetting any person or entity engaging in or performing any
5 | act prohibited by this paragraph.
6 |     2.    In the event that Lips violates the terms of this Judgment by making, selling or offering
7 | for sale garments displaying the Lips tab illustrated in Exhibit A, it shall pay to LS&CO. liquidated
8 | damages of (a) 20% of the sales revenue received by Lips at any time on account of such garments, or
9 | (b) $10,000, whichever is greater, and judgment shall be entered against Lips for that amount. Lips
10 | specifically acknowledges that this is a reasonable estimate of the damages to which LS&CO. would
11 | be entitled by virtue of Lips' sales of such garments and the costs LS&CO. has incurred in enforcing
12 | its rights. Such liquidated damages shall be in addition to any further damages or equitable relief to
13 | which LS&CO. may be entitled with respect to future sales by Lips that violate LS&CO.'s trademark
14 | rights, but any payments made by Lips pursuant to this paragraph shall be deemed a credit against any
15 | potential award of damages under this paragraph.
16 |     3.    This Court shall retain jurisdiction for the purpose of making any further orders
17 | necessary or proper for the construction or modification of this Judgment, the enforcement thereof,
18 | and/or the punishment for any violations thereof. If LS&CO. commences an action for enforcement
19 | of this Judgment, the prevailing party shall be awarded reasonable attorneys' fees and costs from the
20 | other party.
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1  4. For the purpose of any future proceeding to enforce the terms of this Judgment, service
2  by mail upon a party or their counsel of record at their last known address shall be deemed adequate
3  notice for each party.
4
5  IT IS SO ORDERED AND ADJUDGED.
6
7
8  DATED: _____           _____
                                     Hon. James Ware
9                                    United States District Judge
10
11
12
13  61253940 v1
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A





Exhibit A