TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
HOLLY GAUDREAU (Bar # 209114)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: gsgilchrist@townsend.com, glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

**IT IS SO ORDERED**

*James Ware*

Judge James Ware

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>            Plaintiff,<br><br>      v.<br><br>LIPS JEANS,<br><br>            Defendant. | Case No. C 07-4268 JW<br><br>**STIPULATION TO FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Levi Strauss & Co. and Defendant Lips Jeans hereby stipulate to the facts and conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its entry by the court.

IT IS SO STIPULATED AND CONSENTED.

DATED: February 21, 2008      TOWNSEND AND TOWNSEND AND CREW LLP

                             By: /s/ Gia L. Cincone_____
                                 Gia L. Cincone
                          Attorneys for Plaintiff Levi Strauss & Co.

DATED: February 12, 2008      LIPS JEANS

                             By: _____
                                 Loren Cronk

1    TOWNSEND AND TOWNSEND AND CREW LLP
     GREGORY S. GILCHRIST (Bar # 111536)
2    GIA L. CINCONE (Bar # 141668)
     HOLLY GAUDREAU (Bar # 209114)
3    Two Embarcadero Center, 8th Floor
     San Francisco, California 94111
4    Telephone: (415) 576-0200
     Facsimile: (415) 576-0300
5    Email: gsgilchrist@townsend.com, glcincone@townsend.com

6    Attorneys for Plaintiff
     LEVI STRAUSS & CO.

7

8

9                 UNITED STATES DISTRICT COURT

              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12    LEVI STRAUSS & CO.,                Case No. C 07-4268 JW

13             Plaintiff,         **STIPULATION TO FINAL**
                                  **JUDGMENT AND PERMANENT**
14          v.                       **INJUNCTION**

15    LIPS JEANS,

16             Defendant.

17

18       Plaintiff Levi Strauss & Co. and Defendant Lips Jeans hereby stipulate to the facts and

19    conclusions contained in the attached Final Judgment and Permanent Injunction and consent to its

20    entry by the court.

21

22    IT IS SO STIPULATED AND CONSENTED.

23    DATED: February 12, 2008       TOWNSEND AND TOWNSEND AND CREW LLP

24                             By: _____
25                                  Gia L. Cincone
                           Attorneys for Plaintiff Levi Strauss & Co.

26

27    DATED: February 12, 2008       LIPS JEANS,

                            By: _____
28                                 Loren Cronk

IT IS SO ORDERED

*James Ware*

Judge James Ware

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEVI STRAUSS & CO.,

              Plaintiff,

      v.

LIPS JEANS,

              Defendant.

Case No. C 07-4268 JW

**FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION**

       Plaintiff Levi Strauss & Co. ("LS&CO.") has filed a Complaint alleging trademark infringement, dilution, and unfair competition under federal and California law against defendant Lips Jeans ("Lips"). LS&CO. alleges that Lips has manufactured, promoted, and sold clothing, including denim jeans, that violates LS&CO.'s rights in its registered Tab Device Trademark (the "Tab trademark").

       The Court now enters final judgment based upon the following undisputed facts. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

**I.     STIPULATED FACTS AND CONCLUSIONS**

       A.     This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Lips. Venue is proper in this Court.

1         B.      LS&CO. owns the Tab trademark, which is a valid and famous trademark of LS&CO.

2   and which is registered as follows for use on a variety of casual apparel:

3               a.       Registration No. 356,701 (first used as early as September 1, 1936; registered

4   May 10, 1938);

5               b.       Registration No. 516,561 (first used as early as September 1, 1936; registered

6   October 18, 1949);

7               c.       Registration No. 577,490 (first used as early as September 1, 1936; registered

8   July 21, 1953);

9               d.       Registration No. 774,625 (first used as early as May 22, 1963; registered

10   August 4, 1964);

11               e.       Registration No. 775,412 (first used as early as October 9, 1957; registered

12   August 18, 1964); and

13               f.       Registration No. 1,157,769 (first used as early as September 1, 1936; registered

14   June 16, 1961).

15         C.      Lips has manufactured, distributed, and sold jeans that display the pocket tab illustrated

16   in Exhibit A (the "Lips tab").

17   **II.     ORDER**

18         It is hereby ordered and adjudged as follows:

19         1.      Commencing as of the "So Ordered" date of this Final Judgment and Permanent

20   Injunction, Lips, its principals, agents, employees, officers, directors, servants, successors, and

21   assigns, and all persons acting in concert or participating with it or under its control who receive actual

22   notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from

23   doing, authorizing or procuring any persons to do any of the following:

24               a.       Manufacturing, licensing, selling, offering for sale, distributing, importing,

25   exporting, advertising, promoting, or displaying any products that display any tab in the form and

26   location illustrated in Exhibit A, or any other tab that is substantially similar to the Lips tab or to the

27   Tab trademark;

28               b.       Manufacturing, licensing, selling, offering for sale, distributing, importing,

1   exporting, advertising, promoting, or displaying any products that display any tab that may reasonably

2   be believed to be as similar or more similar to the Tab trademark than the Lips tab;

3                   c.      Violating the rights of Levi Strauss & Co. in and to its Tab trademark; and

4                   d.      Assisting, aiding or abetting any person or entity engaging in or performing any

5   act prohibited by this paragraph.

6          2.      In the event that Lips violates the terms of this Judgment by making, selling or offering

7   for sale garments displaying the Lips tab illustrated in Exhibit A, it shall pay to LS&CO. liquidated

8   damages of (a) 20% of the sales revenue received by Lips at any time on account of such garments, or

9   (b) $10,000, whichever is greater, and judgment shall be entered against Lips for that amount. Lips

10   specifically acknowledges that this is a reasonable estimate of the damages to which LS&CO. would

11   be entitled by virtue of Lips' sales of such garments and the costs LS&CO. has incurred in enforcing

12   its rights. Such liquidated damages shall be in addition to any further damages or equitable relief to

13   which LS&CO. may be entitled with respect to future sales by Lips that violate LS&CO.'s trademark

14   rights, but any payments made by Lips pursuant to this paragraph shall be deemed a credit against any

15   potential award of damages under this paragraph.

16          3.      This Court shall retain jurisdiction for the purpose of making any further orders

17   necessary or proper for the construction or modification of this Judgment, the enforcement thereof,

18   and/or the punishment for any violations thereof. If LS&CO. commences an action for enforcement

19   of this Judgment, the prevailing party shall be awarded reasonable attorneys' fees and costs from the

20   other party.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1        4.      For the purpose of any future proceeding to enforce the terms of this Judgment, service

2  by mail upon a party or their counsel of record at their last known address shall be deemed adequate

3  notice for each party.

5  IT IS SO ORDERED AND ADJUDGED.

6        The Clerk shall close this file.

8  DATED: ___February 21, 2008___

Hon. James Ware
United States District Judge

13  61253940 v1

Exhibit A





Exhibit A